IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DERONA RODGERS, JR.,** ) | Civil Action No. 7:12-cv-00216 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **LARRY T. EDMONDS, et al.,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Derona Rodgers, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Larry T. Edmonds, Warden of the Buckingham Correctional Center ("BCC"); Bernard Booker, the BCC Assistant Warden; Monica Tolbert, the BCC Operations Manager; and Karen McNeely, the BCC Disciplinary Hearing Officer. Plaintiff alleges that defendants violated due process guaranteed by the Fourteenth Amendment of the United States Constitution. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for presenting frivolous claims and failing to state a claim upon which relief may be granted.

**I.**

Plaintiff alleges the following facts. The United States Postmaster in Dillwyn, Virginia, told BCC officials that the post office received numerous letters from BCC inmates with invalid, reused postage stamps. Plaintiff was working for defendant McNeely as an inmate advisor when the post office returned one of plaintiff's letters that was stamped, "VOID STAMP," because the postage was either coated, defaced, re-used, or had postage due.

Defendant Tolbert charged plaintiff with an institutional infraction of Attempting to Commit/Commission of Fraud or Bribery. McNeely presided over plaintiff's disciplinary

hearing and denied plaintiff's requests for United States Postal Service manuals as documentary evidence and for the Dillwyn Postmaster's testimony. McNeely found petitioner guilty of the infraction and imposed a $12.00 fine. McNeely immediately fired plaintiff from his prison job because of the institutional conviction, pursuant to BCC policy. (Compl. 47.) Defendant Edmonds upheld the institutional conviction, but a Regional Director vacated it. Plaintiff has not been recharged with the offense.

Plaintiff sought to be reinstated to his prison job, but McNeely said she was not hiring any more inmate advisors. Three months later, McNeely advertised two part time inmate advisor positions. McNeely did not interview plaintiff although he had applied, and McNeely hired two other inmates because they were allegedly "better qualified and had more experience." Plaintiff filed grievances about not being rehired, which defendant Booker denied.

Plaintiff argues that defendants violated due process and equal protection by filing a false disciplinary report, finding plaintiff guilty of the infraction, and upholding the institutional conviction. Plaintiff further alleges that McNeely retaliated by not rehiring him as an inmate advisor because the institutional conviction was overturned and that McNeely violated equal protection by hiring two other inmates. Plaintiff requests punitive damages and declaratory and injunctive relief.

**II.**

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

2

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

"[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Preiser v. Newkirk,

3

422 U.S. 395, 401 (1975) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). Federal courts are "not empowered to decide moot questions or abstract propositions. . . ." California v. San Pablo & Tulare R.R., 149 U.S. 308, 314 (1893). "Moot questions require no answer." Mo., Kan. & Tex. Ry. v. Ferris, 179 U.S. 602, 606 (1900).

Plaintiff's allegations of due process and equal protection violations arising from the institutional infraction are moot. Plaintiff did not suffer any deprivation of life, liberty, or property by defendants' actions once the institutional conviction was overturned. See U.S. Const. amend. XIV; Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). A claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). See also Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990) ("[F]ailure to follow procedures established for the general protection and welfare of inmates does not constitute deliberate disregard for the medical needs of a particular [inmate]."). Accordingly, plaintiff cannot present a due process or equal protection claim about the disciplinary proceeding, and the court dismisses these claims as frivolous.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim of retaliation in violation of the Constitution, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or

4

that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff must present more than conclusory allegations of retaliation, and an inmate's "claims of retaliation . . . must be regarded with skepticism. . . ." Id. at 74-75.

Plaintiff did not exercise a constitutional right for which he could experience retaliation. See Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (stating a plaintiff whose constitutional right was not violated has no need for the protection provided by a cause of action for retaliation). Because plaintiff does not have a constitutional right to a prison grievance procedure, his appeal of disciplinary conviction does not constitute an exercise of a federally protected right to support a § 1983 retaliation claim. Adams, 40 F.3d at 75. Similarly, plaintiff does not have a constitutional right to a prison job, and thus, the deprivation of a prison job states no independent constitutional claim. See, e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). Further, plaintiff acknowledges that BCC policy required McNeely to fire him once convicted of the institutional infraction. Accordingly, plaintiff cannot show an exercise of a constitutional right, a retaliatory action, or a constitutional expectation to be rehired, and the claim is dismissed as frivolous.

Plaintiff argues that McNeely violated the equal protection clause of the Fourteenth Amendment by discriminating against him and hiring the other inmates. To state an equal protection claim, plaintiff must first show that he was treated differently from others who were similarly situated and that the unequal treatment resulted from intentional or purposeful discrimination. Plaintiff presently fails to establish any basis to conclude that the two other

5

inmates were similarly situated or that McNeely's choice to hire the other inmates resulted from any type of discrimination. Plaintiff cannot rely on the mere labels and conclusions to state an actionable claim. Accordingly, the court dismisses this equal protection claim for failing to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for presenting frivolous claims and failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 1, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

6

Case 7:12-cv-00216-MFU-RSB   Document 5   Filed 06/01/12   Page 6 of 6   Pageid#: 67